IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LAURA A. BUZA, <br><br> Plaintiff, <br><br> vs. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 1:22-CV-02253-DAC <br><br> MAGISTRATE JUDGE DARRELL A. CLAY <br><br> **ORDER GRANTING MOTION FOR ATTORNEY FEES** <br> [ECF #18] |

Before me is plaintiff Laura A. Buza's Motion for Attorney Fees under 42 U.S.C. § 406(b) filed by Attorney Matthew Shupe of Paulette F. Balin & Associates, LLC, for work performed in federal court. (ECF #18). The Commissioner responded but took no position on the appropriateness of the requested award. (ECF #19). Having reviewed the written submissions and applicable law, I **GRANT** Ms. Buza's Motion.

### BACKGROUND

In December 2022, Ms. Buza filed a complaint challenging the Commissioner's decision denying disability insurance benefits. (ECF #1). The parties consented to my exercising jurisdiction (ECF #10) and Ms. Buza submitted her brief on the merits (ECF #11). Then, on the parties' joint motion (ECF #14), I remanded the matter for further administrative proceedings before the Commissioner (ECF #15). Based on the parties' stipulation (ECF #16), I ultimately awarded Attorney Shupe $3,382.25 in costs and attorney's fees for services performed in federal court, as authorized by the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (ECF #17).

1

On remand, an administrative law judge found Ms. Buza disabled as of April 2019. (ECF #18-7 at PageID 1924). The Commissioner awarded $75,011.68 in past-due benefits, from which the Social Security Administration (SSA) withheld $18,752.92 (25%) for payment of attorney's fees. (*See* ECF #18-1 at PageID 1897). The ALJ authorized a total of $9,000 in fees for work at the administrative level performed by other attorneys at Paulette F. Balin & Associates, representing 12% of the total amount of past-due benefits. (*See* ECF #18-2 at PageID 1901; ECF #18-3 at PageID 1906).

Ms. Buza requests that I authorize payment of $9,752.92—the balance of the withheld funds to Attorney Shupe for the work pursuing her appeal in this Court. (ECF #18). That fee represents 13% of the total amount of past-due benefits. She contends the fee is reasonable considering the number of hours spent, the result achieved, the complexity of litigation on federal court review, and the quality of representation. (*Id.*).

## LAW AND ANALYSIS

Ms. Buza's motion is governed by the Social Security Act (Act), 42 U.S.C. § 406(b). Under the statute, when a plaintiff prevails on an appeal challenging denial of Social Security benefits, a court may award a reasonable attorney's fee. *Id.* The fee may not exceed 25% of the plaintiff's past-due benefits and is payable "out of, not in addition to, the amount of past-due benefits." *Id.* Plaintiff's counsel must show that the fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht v. Barnard,* 535 U.S. 789, 807 (2002). If plaintiff's counsel receives attorney's fees under both the EAJA and the Act, counsel must refund the smaller of the amounts to the plaintiff. *See Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989).

2

Where the requested fee is based on a contingent-fee agreement between the plaintiff and plaintiff's counsel, as it is here, the reviewing court must look first to the contingent-fee agreement, then test whether the fee amount calculated according to the agreement is reasonable. *Id.* at 808. Contingency-fee agreements within the 25% cap are "not to be viewed as *per se* reasonable," but are afforded "the weight ordinarily accorded a rebuttable presumption." *Rodriguez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc); *see also Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014) (upholding *Rodriguez's* rebuttable presumption in a post-*Gisbrecht* decision).

In this case, Ms. Buza, through counsel, successfully appealed the Commissioner's decision denying disability benefits and secured an award of past-due benefits. The contingent-fee agreement between Ms. Buza and Paulette F. Balin and Associates, LLC, states that if the SSA decides in her favor after a decision by the federal court, she will pay her attorney "a fee equal to 25 percent of all past-due benefit." (ECF #18-4 at PageID 1911). On its own, the requested fee represents 13% of the total amount of past-due benefits. When combined with the fees paid to other attorneys at the firm for administrative-level work, the total fee does not exceed 25% of the past-due benefits. ($9,752.92 + $9,000 = $18,752.92). Thus, the fee under the contingent-fee agreement is presumptively reasonable.

That said, "a court is not bound to award recovery according to the stated agreement" and may reduce the requested fee. *Rodriquez,* 865 F.2d at 746. If "the court chooses not to give effect to the terms of the agreement, it should state for the record the deductions being made and the reasons" for those deductions. *Id.* Deductions from the requested fee "generally should fall into two categories: (1) those occasioned by improper conduct or ineffectiveness of counsel; and (2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately

3

large benefit award or from minimal effort expended." *Id.*; *see also Gisbrecht*, 535 U.S. at 808 (noting with approval that courts reviewing fee determinations "have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved"). Where none of these reasons apply, an agreement for a 25% fee is presumed reasonable. *Hayes v. Sec'y of Health & Hum. Servs.*, 923 F.2d 418, 421 (6th Cir. 1990).

The Commissioner does not allege Attorney Shupe engaged in improper conduct or provided ineffective representation. Improper conduct includes, for instance, delaying the final decision of the claim. *See Rodriguez*, 865 F.2d at 746 (explaining that claimant's past-due benefits increase as time passes and, therefore, "a lawyer is almost always financially served by delay in a final decision on the claim"). For example, an attorney's consistent pattern of waiting for the last day possible before filing a request or response that results in delay might support reducing the requested fee. *Id.* at 747. Similarly, a reduction might be warranted if the award of benefits was inflated by counsel's incompetence, such as by procedural missteps resulting in delay. *Id.* Nothing in the record suggests Attorney Shupe's actions, intentional or unintentional, delayed the case to inflate the benefits award. In addition, Ms. Buza has established that Attorney Shupe is experienced in his field, with over a decade of practice representing Social Security claimants at the administrative level and before federal courts. (ECF #18-6 at PageID 1913).

Turning to the second category, the fee does not appear to represent a windfall to Mr. Shupe. The Commissioner does not assert that the fee is inordinately large or that Attorney Shupe spent minimal time on the matter. One method for determining whether the requested fee is a windfall is to consider the effective hourly rate calculated from the requested fee. *Rodriguez*, 865 F.2d at 746; *see also Gisbrecht*, 535 U.S. at 808 (authorizing district courts to consider the attorney's

4

hours and standard rates in reviewing the reasonableness of contingency fees). In the Sixth Circuit, an effective hourly rate that is less than twice the standard rate for such work in the relevant market is per se reasonable, and an effective hourly rate that is equal to or greater than twice the standard rate "may well be reasonable." *Hayes*, 923 F.2d at 422.

Attorney Shupe has provided ample evidence of his standard rate and how that rate compares to hourly rates in the relevant market. According to the attached itemized statement of time, Attorney Shupe spent 13.1 hours on the matter (ECF #18-5), resulting in an effective hourly rate of $744.49. (*See* ECF #18 at PageID 1890) ($9,752.92 /13.1 hours). In his attached affidavit, Attorney Shupe states his standard hourly rate was $350 during the relevant time. (ECF #18-6 at PageID 1913). Sabrina Veal, a case manager at Paulette F. Balin & Associates, confirms in her affidavit that $350 is the standard hourly rate for attorneys in the firm. (ECF #18-9 at PageID 1997). Ms. Buza also attached *The Economics of Law Practice in Ohio in 2019*, a publication from the Ohio State Bar Association showing the average billing rate of Ohio attorneys representing Social Security claimants is $336 per hour. (ECF #18-8 at PageID 1970). Other courts in this district have found a standard hourly rate of $350 is "reasonable and not excessive." *Britton v. Comm'r of Soc. Sec.*, No. 5:15-cv-325, 2018 WL 4335595, at *1 (N.D. Ohio Sept. 11, 2018) (collecting cases); *Chorak v. Comm'r of Soc. Sec.*, No. 5:18-cv-2243, 2024 WL 1611482 (N.D. Ohio Feb. 7, 2024). Accordingly, I find that $350 per hour is an appropriate standard rate to use in comparison to counsel's effective hourly rate.

Attorney Shupe's effective hourly rate, $744.49, is slightly greater than twice his standard rate, $700. Courts in this district considering similar circumstances have found that comparable effective hourly rates did not represent an impermissible windfall to Attorney Shupe. *See, e.g.*,

*McCrystal v. Comm'r of Soc. Sec.*, No. 1:22-cv-1072, 2025 WL 2578139 (N.D. Ohio Sept. 5, 2025) (awarding contingent-fee amount representing an effective hourly rate of $710.10 to Attorney Shupe); *Bullock v. Comm'r of Soc. Sec.*, No. 1:15-cv-2158, 2020 WL 264258 (N.D. Ohio Jan. 17, 2020 (same with an effective hourly rate of $898.52 to Attorney Shupe); *Reynolds v. Comm'r of Soc. Sec.*, No. 3:15-cv-2370, 2019 WL 479116, at *4 (N.D. Ohio Feb. 7, 2019) (same with an effective hourly rate of $901.40 to Attorney Shupe).

There have been no allegations, and I am not aware, of any improper attorney conduct or ineffectiveness of counsel that necessitates a reduction of the requested fee amount. Nor does it appear the requested fee is a windfall for Attorney Shupe because the award is not inordinately large (13% of the total past-due benefits) and nothing suggests he expended only minimal effort. Accordingly, I conclude Attorney Shupe has proven the reasonableness of the requested fee even though it slightly exceeds twice his standard hourly rate.

## Conclusion

For the foregoing reasons, I **GRANT** the motion and authorize attorney's fees of $9,752.92 under 42 U.S.C. § 406(b). Attorney Shupe must promptly refund Ms. Buza $2,980.25, the attorney's fee previously awarded under the Equal Access to Justice Act.

**IT IS SO ORDERED.**

Dated: December 12, 2025

_____
DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE